**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 10-20148

JESSE ALBERT YOUNG,

    Defendant.
                                                /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Two guns and 9.89 grams of crack cocaine were found in Defendant's possession during a March 3, 2010, traffic stop. Defendant pleaded guilty to two firearms offenses and to possession with intent to distribute five or more grams of cocaine base (crack). On April 14, 2011, Defendant was sentenced to thirty-seven months incarceration for the firearms offenses and to sixty months incarceration—a mandatory minimum sentence under 21 U.S.C. § 841—for the crack offense. After Defendant's arrest but before Defendant's sentencing, the President signed into law the Fair Sentencing Act ("FSA"), 124 Stat. 2372 (Aug. 3, 2010), which raised the amount of crack cocaine triggering the sixty-month mandatory minimum. The pertinent amount raised from five grams to twenty-eight grams. The recent *Dorsey v. United States*, 132 S.Ct. 2321 (June 21, 2012), holds that the FSA applies to a crack offender who committed his offense before the FSA passed but who received his sentence after. Defendant moves to reduce his sentence under the FSA and *Dorsey*. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).

A judgment issued and no appeal occurred; therefore, Defendant must provide authority allowing reconsideration and a new sentence. *See United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) ("A district court may modify a defendant's sentence only as provided by statute."). Defendant raises 18 U.S.C. § 3582(c)(2), which enables a sentence reduction for a defendant "sentenced to a term of imprisonment based on a sentencing range . . . subsequently . . . lowered by the Sentencing Commission" through retroactive amendment. Congress instructed the Sentencing Commission promptly to amend the Federal Sentencing Guidelines to conform with the FSA's new mandatory minimums. *See* 124 Stat. 2374; *Dorsey*, 132 S.Ct. at 2332-33. Accordingly, on November 1, 2010, the Sentencing Commission realigned the Guidelines by moving sentencing ranges for crack offenses downward. *See Dorsey*, 132 S.Ct. at 2333.

However, Defendant was not "sentenced to a term of imprisonment based on a sentencing range"; Defendant was sentenced based on a mandatory minimum required by statute. *Dorsey* notes the basic distinction:

> The [Anti-Drug Abuse Act, 21 U.S.C. § 841], like other federal sentencing statutes, interacts with the Guidelines in an important way. Like other sentencing statutes, it trumps the Guidelines. Thus, ordinarily no matter what the Guidelines provide . . . a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum.

*Id.* at 2327. Regardless of what the Guidelines said, a statute, 21 U.S.C. § 841, required a sixty-month sentence for Defendant's crack offense. Because the sentence was therefore not "based on a sentencing range" promulgated by "the Sentencing Commission," Defendant cannot challenge his sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Glover*, 686 F.3d 1203, 1206-07 (11th Cir. 2012) (Carnes, J.); *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009) (joining the First, Second,

Fourth, Seventh, Eighth, and Eleventh Circuits in holding that "a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2)").

Some unpublished decisions use *Dorsey* and 18 U.S.C. § 3582(c)(1)(B), which allows a sentence reduction "to the extent . . . expressly permitted by statute," to conclude that the FSA empowers a district court to modify a sentence. *See, e.g.*, *United States v. Price*, 2012 WL 3263577, *6 (S.D. Ill. 2012). Although it changes the mandatory minimums for crack offenses, the FSA never "expressly permits" a *post hoc* sentence reduction. The FSA addresses substance but not procedure. Moreover, *Dorsey* never attempts to imbue the FSA with a procedural effect. The question in *Dorsey* was, "Did Congress intend the [FSA's] more lenient penalties to apply to pre-Act offenders sentenced after the [FSA] took effect?" *Dorsey*, 132 S.Ct. at 2326. *Dorsey* neither asks nor answers whether the FSA "expressly permits" modifying a sentence. And *Dorsey* never says a district court that failed to apply the FSA retroactively earlier should infer permission to modify a sentence now. "There is no 'inherent authority' for a district court to modify a sentence[.]" *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009). If *Dorsey* aimed to upset settled law by providing an inherent authority to modify a sentence, presumably it would say so. *See also United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) (observing that a district court lacks jurisdiction to modify a sentence except in accord with 18 U.S.C. § 3582(c)).

At the close of his reply brief Defendant asks to convert his motion to a motion under 28 U.S.C. § 2255. The court declines the suggestion. A party may not raise a new issue as an afterthought at the end of a reply brief. *E.g. Balsley v. LFP, Inc.*, 691

F.3d 747, 773 (6th Cir. 2012); *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *51382 Gratiot Ave. Holdings, LLC v. Chesterfield Dev. Co., LLC*, 835 F.Supp.2d 384, 403 n.6 (E.D. Mich. 2011).[1] Although the court holds no view as to timeliness or as to any likelihood of success on the merits, it may be possible for Defendant to later attempt to alter his sentence in a proper Section 2255 motion. Accordingly,

IT IS ORDERED that Defendant's motion [Dkts. # 25, 29] to reduce his sentence is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: November 8, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 8, 2012, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

---

[1] Also, converting the motion and its single argument to a Section 2255 motion might seem convenient at the moment; but beginning a second proceeding under Section 2255 is difficult. *See* 28 U.S.C. § 2244(b). In the end, Defendant might prefer a chance to use a Section 2255 proceeding to raise more than one issue.